**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**
**EAST BATON ROUGE DIVISION**


| | |
|---|---|
| **PEOPLE'S WORKSHOP, INC. /DEPT.** | **CIVIL DOCKET NO._____** |
| **OF FELICIANA HOUSING AUTHORITY** | |
| **THROUGH ITS DULY AUTHORIZED** | |
| **PRESIDENT GEORGE A. TURNER** | |
| **LULA LONDON, DORA O'CONNOR** | |
| **PAMELA R. MILLER, LINDA KELLER** | |
| **HAZEL HARRELL, SHEILA FLOWERS** | |
| **ROBERT FLOWERS, EUGENE MATTHEWS** | |
| **BEULAH BENNETT, WALTER E. CHAPMAN** | |
| **ON BEHALF OF THEMSELVES** | |
| **AND ALL THOSE SIMILARLY SITUATED** | |

**Plaintiffs**

**v.**                                                    **JUDGE _____**

**FEDERAL EMERGENCY MANAGEMENT**
**AGENCY; DEPARTMENT OF HOMELAND**
**SECURETY JOHN F. KELLY, SECRETARY**
**JODY MOREAU, DIRECTOR OF HOMELAND SECURITY**
**EAST FELICIANA'S EOC**
**JIM PARKER DEPUTY EMERGENCY**
**MANAGER EAST FELICIANA EOC**
**EAST FELICIANA POLICE JURY**
**GLEN KENT, CHRIS HALL**
**KEITH MILLS, DWIGHT HILL**
**SEAN SMITH**
**MAYOR LORI ANN BELL, TOWN OF CLINTON**
**TOWN OF CLINTON ALDERMAN**
**AND RUSS HICKS, FLOODPLAIN**
**ADMINISTRATOR, TOWN OF CLINTON**

**Defendants**

**MAGISTRATE JUDGE _____**

1

**COMPLAINT SEEKING**
**DECLARATORY AND INJUNCTIVE RELIEF**

**TO THE HONORABLE, JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE MIDDLE DISTRICT OF LOUISIANA, EAST BATON ROUGE DIVISION:**

1. The Federal agency charged by statute to provide assistance to victims of natural disasters the Federal Emergency Management Agency ("FEMA") along with the local government, has failed to fulfill its mandate as relates to victim residents in the Town of Clinton, Louisiana, East Feliciana Parish that were devastated by the August 12, 2016 flood.

2. Six months later FEMA, the local government, the EAST FELICIANA POLICE JURY, the Mayor of the Town of Clinton and the Alderman and the Flood Plain Administrator RUSS HICKS:

   - Failed to provide any temporary housing assistance to certain individuals and families, including those with disabilities, who applied for help as much as six months ago;
   - Refused to provide additional temporary housing assistance to families that, because of their size were entitled to more than the standard amount of housing assistance;
   - Required disaster victims to apply for Small Business Administration ("SBA") loans as a condition for obtaining FEMA temporary housing assistance;
   - Failed to provide a local groupsite within the community in order to place FEMA trailers on;
   - Rejected local property sites that the victims if they were fortunate to receive a trailer could place their trailers on without having to leave their communities and be displaced in other Parishes;
   - Rejected property sites (potential groupsite locations) founded by East Feliciana Housing Authority known as "THE PEOPLE'S WORKSHOP, INC." an agency that aids in the development of housing for the elderly, physically and mentally handicapped, homeless, and other low – and moderate – income individuals and families – that are available in

2

Clinton, Louisiana so that the victims do not have to leave their community.

- Intentionally provided Governor John Bel Edwards with erroneous, inconsistent information regarding the amount of Public Assistance Funding needed to bring full recovery to the victims in the Clinton area.
- Failed to include East Feliciana in the six (6) Parishes that will be receiving FEMA money.
- Failed to properly assess the homes and downgraded the damage to the victim residents' homes in Clinton, Louisiana.
- Imposed retroactively inconsistent rules regarding funds some victims have already received.
- East Feliciana Police Jury has set up a Private Task Recovery Committee to funnel funds through the local Chamber of Commerce to cause further bureaucratic red tape, delay, and impediments to the flood victims in Clinton, Louisiana.
- Set up a Private Task Recovery Committee which does not include representatives of local agencies and a fair and accurate representation from the community affected by the flood.

3.      There is no excuse for these failures by FEMA, and more so by the local officials which demand redress and relief.  The devastation of the flooding is immeasurable to the disaster victims.  Each day housing assistance is denied or delayed to them, PLAINTIFFS suffer irreparable harm in myriad ways.  In addition, the psychological effects of losing all of their possessions, having no place to live, and being displaced and evacuated to other Parishes without the means to return to their communities when trailer property groupsites are available is a blatant and reckless disregard by the local officials for their own victim residents, causing the flood victims to be victimized twice over at the hands of their own local government.

4.      This action, therefore, is brought by 11 named PLAINTIFFS, on their own behalf and on behalf of a class of people similarly situated, seeking an order that FEMA and the local officials obey the laws put into place to address the problems associated with

this kind of disaster, and provide temporary housing assistance to these victims standing in need, and to utilized local property identified as groupsite locations in their community to place the trailers on identified by the PLAINTIFF PEOPLE'S WORKSHOP HOUSING AUTHORITY. PLAINTIFFS seek injunctive and declaratory relief requiring:

- Defendants to provide housing assistance.
- Financial assistance.
- Group site locations (property) identified by "THE PEOPLE'S WORKSHOP, INC." The EAST FELICIANA HOUSING AUTHORITY.
- The elimination of unfair, retroactive rules regarding the use of funds already received.
- The suspension of the DEFENDANT EAST FELICIANA PARISH POLICE JURY Private Task Recovery Committee made up of the same individuals that previously distributed erroneous information to the victims and to the Governor John Bel Edwards.
- The suspension of the Private Task Recovery Committee until the Task Recovery Committee places representatives of local agencies on the committee and citizens that reflect an accurate depiction of the community of Clinton, Louisiana.

5.    Further, said Task Recovery Committee should be suspended because it would be operative through the local Chamber of Commerce in violation of the "Stafford Act".

6.    Accordingly, PLAINTIFFS seek declaratory and injunctive relief requiring DEFENDANTS to abide by the requirements of the Stafford Act, the federal regulations promulgated thereunder, and the Due Process Clause of the Fifth Amendment to the United States Constitution, with respect to the provision of temporary housing assistance to the victims of the flood.

I.    JURISDICTION

7.    Jurisdiction of this court against all defendants is invoked pursuant to 28 U.S.C. §§ 1331 and 1361.

4

## II.    BASIS FOR RELIEF

8.    This action and the relief requested are authorized under 28 U.S.C. § 1361, 28 U.S.C. § 2201, 28 U.S.C. § 2202, 28 U.S.C. § 2412(b), 42 U.S.C. §§ 5151, 5174, and the federal regulations promulgated thereunder, and the Due Process Clause of the Fifth Amendment to the United States Constitution.

9.    Under the Stafford Act, victims of a disaster are eligible for "financial or other assistance" to meet their housing needs if they have been "displaced from their pre-disaster primary residences," or their pre-disaster primary residences "are rendered uninhabitable as a result of damage caused by a major disaster." 42 U.S.C. § 5174(b)(1).

10.    One type of aid authorized by the Stafford Act is temporary housing assistance, which consists of (i) "financial assistance" and (ii) "direct assistance" (hereinafter referred to as "Temporary Housing Assistance").  42 U.S.C. § 5174(c). "Financial assistance," sometimes known as "rental assistance," is supposed to enable "individuals or households to rent alternate housing accommodations, existing rental units, manufactured housing, recreational vehicles, or other readily fabricated dwellings." 42 U.S.C. § 5174(c)(1)(A).

11.    Direct assistance: authorized by the Stafford Act, sometimes known as "trailer assistance," enables disaster victims to receive actual temporary housing units, such as a trailer or mobile home.  Trailer assistance is available to victims who cannot use rental assistance because of, for example, a lack of rental housing. 42 U.S.C. § 5174(c)(1)(B)(i).

5

12.     The Stafford Act authorizes rental and trailer assistance to both pre-disaster renters and homeowners.

13.     Temporary Housing Assistance is available for 18 months from the date that the President declared a disaster, but may be extended beyond that time.  44 C.F.R. § 206.110(e).  This 18-month period applies to both rental and trailer assistance.

14.     Applications for Temporary Housing Assistance, and for the distribution of federal benefits pursuant to the Stafford Act, must be done in "an equitable and impartial manner, without discrimination on the grounds of race, color, religion, nationality, sex, age, or economic status." 42 U.S.C. § 5174(a).

15.     On August 12, 2016, President Obama declared a State of Emergency in the State of Louisiana.  Those declarations required FEMA to provide assistance under the Stafford Act.  FEMA's duty to provide Temporary Housing Assistance to the flood victims was mandatory, and not discretionary.

16.     FEMA's failure to respond in the face of the presidential declaration – the triggering mechanism by which the Stafford Act is invoked – is a violation of law, which, if allowed to stand, would render the presidential directive meaningless.  No administrative official at FEMA has the authority to overrule the President.

III.     PARTIES

A.  Individual PLAINTIFFS

17.     PLAINTIFF "THE PEOPLE'S WORKSHOP, INC.," Feliciana Housing Authority represented by its President George A. Turner is a non-profit Rural Community Housing Development Corporation that aids in the development of housing for the elderly,

physically and mentally handicapped, homeless, and other low – moderate – income individuals and families was contacted by flood victim residents of Clinton, Louisiana to assist with their concerns regarding the flooding in their community.  Mr. Turner immediately sought and obtained property for the transitional shelter and a trailer park for the flood victims.  Mr. Turner and Ms. Lula London, Community Coordinator for the Housing Authority, arranged a meeting with JODY MOREAU, Director of Homeland Security at East Feliciana's Emergency operations "FEMA" to discuss property sites for the affected flood victims.  Instead of "FEMA" representatives embracing assistance during this natural disaster they became irate, belligerent, and prejudiced towards the notion of the flood victims having a group trailer site in their own community.  In spite of property being available in Clinton, Louisiana to place the trailers on, DEFENDANT MOREAU sent residents out of their community to other Parishes.  To date, these officials reject property sites available to flood victims in Clinton, Louisiana in direct contravention of the Stafford Act.

18.    PLAINTIFF DORA O'CONNOR, a resident of Clinton, Louisiana, has not received any temporary housing assistance from FEMA even though she applied over six (6) months ago.  MS. O'CONNOR has made two appeals; however, to no avail.  MS. O'CONNOR's father Mr. Calvin Thompson is handicapped from a stroke.  Like countless others, their homes were rendered uninhabitable by the flood.  The Town of Clinton Flood Plain Administrator has removed the meters from their home; yet, no FEMA housing relief.

19.     PAMELA R. MILLER, a resident of Clinton, Louisiana, has not received any Temporary Housing Assistance from FEMA even though she applied six (6) months ago.  She was informed by "FEMA" that she had to apply for an S.B.A. loan.  MS. MILLER appealed and was still denied.  Her home is uninhabitable and she lived with her son.

20.     LINDA KELLER, a resident of Clinton, Louisiana, whose home is uninhabitable, was erroneously assessed with the damage to her home being downgraded by FEMA representative JODY MOREAU and RUSS HICKS.

21.     HAZEL WILSON is a resident of Clinton, Louisiana whose home is uninhabitable due to the flood.  Ms. WILSON lived with her daughter for five months and recently within the last week received Temporary Housing Assistance; however, she was relocated to another Parish away from her family and community, in spite of property being available in Clinton, Louisiana to place the trailer which was ignored by FEMA representatives.

22.     SHEILA FLOWERS is a resident of Clinton, Louisiana whose home is rendered uninhabitable due to the flood.  The Town of Clinton built a road in her neighborhood and closed up the drainage ditches in the neighborhood which caused the flood waters to worsen the neighborhood.

23.     ROBERT FLOWERS is a resident of Clinton, Louisiana whose home is rendered uninhabitable.  Representatives from the local government and FEMA failed to properly assess the damage and downgraded the damage to his home.

24.     **EUGENE MATTHEWS – a former cancer patient is a resident of Clinton Louisiana whose home is rendered uninhabitable.  MR. MATTHEWS has yet to receive any Temporary Housing Assistance in spite of applying five (5) months ago.  He has had to live from place to place.  He has been given the run around by FEMA every time he inquires about the status of a trailer.  He has been informed by FEMA that they are not going to bring any trailers to Clinton, Louisiana.**

25.     **BEULAH BENNET – is a resident of Clinton, Louisiana whose home is rendered uninhabitable.  MS. BENNETT applied for a FEMA trailer but was denied because she was informed she needed her own property to place it on.  MS. BENNETT has taken shelter with her mother whose home was also severely damaged by the flood waters.  The home has mold and mildew which is especially detrimental to her, and her mother's, health.**

26.     **WALTER E. CHAPMAN is a resident of Clinton, Louisiana, who is a dialysis patient, applied for a FEMA trailer; however he was denied because FEMA and local officials did not want trailers in Clinton, Louisiana.  He did receive Rental Assistance; however no places were available to rent in Clinton, Louisiana.  Mr.  Chapman was forced to leave his community and live in another Parish.**

## B.  Class Plaintiffs

27.     **Plaintiffs bring this action on their own behalf and on behalf of all those similarly situated.**

28.     **28. Plaintiffs seek to represent a class consisting of all persons who (a) as of August 12, 2016 resided in Clinton, Louisiana in areas declared to be Federal Disaster**

Areas; (b) were displaced from their pre-disaster primary residences or whose pre-disaster primary residences have been rendered uninhabitable as a result of damage caused by the flood; and (c) have applied for or will apply for Temporary Housing Assistance under the Stafford Act, pursuant to 42 U.S.C. § 5174(a) through (d) and the federal regulations promulgated thereunder, and (i) have not yet received Temporary Housing Assistance, (ii) have unlawfully been denied Temporary Housing Assistance, (iii) have not been informed about the scope and conditions of the available Temporary Housing Assistance, and/or (iv) have been unable to apply for Temporary Housing Assistance due to a lack of information or accessibility to FEMA and (v) who was informed that no property is available in Clinton, Louisiana on which to place the trailer. The class does not include persons who have committed fraud in applying for Temporary Housing Assistance.

29.    Each of the requirements of Federal Rule of Civil Procedure 23(a) is met.

30.    Members of the class are so numerous that joinder of all members is impracticable, and individual litigation by each would necessarily and substantially burden the operation of the judicial system and is prohibitive because the individual class members lack the knowledge, sophistication, and financial means to maintain individual actions.  In addition, the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications establishing incompatible rules of law for the provision of disaster relief.

31.    The number of class members can best be estimated from records in the control of defendants.  They are believed to be at least fifty (50) residents.

32.     There is a well-defined community of interest in the questions of law and fact involving the claims of the members of the class, in that FEMA has systemically applied the policies and practices challenged in this action to wrongfully delay or deny Temporary Housing Assistance to them in a manner required by law.  Common question of law and fact predominate in this case.

33.     The claims of the named plaintiffs are typical of the class members in that each named plaintiff, due to the challenged policies and practices of FEMA, (a) has been affected by the flood and/or had their primary pre-disaster residence rendered uninhabitable; (b) is eligible for Temporary Housing Assistance; and (c) has (i) applied for Temporary Housing Assistance and had it delayed or denied, (ii) has not been properly notified about the scope and conditions of the available Temporary Housing Assistance, and/or (iii) has been unable to apply for Temporary Housing Assistance, (iv) has been prevented and informed that no property is available in Clinton, Louisiana on which to place the trailer.

34.     The named plaintiffs will adequately and fairly represent and protect the interests of the class because each named plaintiff has suffered the same or similar harm, and has the same or similar interest in redress of his/her rights as all other members of the class, and thus their interests overlap and do not conflict.  The attorney representing plaintiffs, Carol D. Powell Lexing of the firm Law Office of Carol D. Powell Lexing and Associates is an experienced and capable litigator possessed of sufficient resources to adequately protect and represent the interests of the plaintiff class.

35.    The requirements of Federal Rule of Civil Procedure 23 (b)(2) are met in that the regulations, practices, and procedures which are the subject of this lawsuit have been applied to the members of the class as a whole, and defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole. A class action is the exclusive method by which the interests of all affected persons can be adequately protected.

### B.  Defendants

36.    DEFENDANT FEDERAL EMERGENCY MANAGEMENT AGENCY ("FEMA") was created in 1979, as a result of the merging of several pre-existing federal agencies that handled disaster-related responsibilities.  FEMA is the federal agency designated by the President to administer the Temporary Housing Assistance program in accordance with the provisions of the Stafford Act and the federal regulations.  As an agency of the federal government, FEMA's actions are directed and carried out by other agencies and individuals.  When used in this Complaint the acronym "FEMA" shall be understood to refer not only to that agency, but to defendants listed below as well.

37.    DEFENDANT DEPARTMENT OF HOMELAND SECURITY ("DHS") has responsibility for approximately 22 formerly separate federal agencies, including FEMA, which are now subsumed with DHS's Emergency Preparedness and Response Branch.

38.    DEFENDANT JOHN F. KELLY has been Secretary of the DHS since January 20, 2017.

12

**39.** **DEFENDANT JODY MOREAU** is the Director of Homeland Security East Feliciana Emergency Operations Center in Clinton, Louisiana deprived PLAINTIFFS of rights secured by the Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121, et seg. (the Stafford Act) and Title VI of the Civil Rights Act of 1964.

**40.** **DEFENDANT JOHN PARKER**, the Deputy Emergency Manager East Feliciana Emergency Operations Center, deprived PLAINTIFFS of rights secured by the Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121, et seg. (the Stafford Act) and Title VI of the Civil Rights Act of 1964.

**41.** **EAST FELICIANA POLICE JURY** is the governing authority and decision making body for the Parish of East Feliciana pursuant to the laws of the State of Louisiana, Custom and Usage, deprived PLAINTIFFS of rights secured by the Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121, et seg. (the Stafford Act).

**42.** **DEFENDANT GLEN KENT** is a member of the Police Jury.  He is sued in his official capacity.

**43.** **DEFENDANT CHRIS HALL** is a member of the Police Jury.  He is sued in his official capacity.

**44.** **DEFENDANT KEITH MILLS** is a member of the Police Jury.  He is sued in his official capacity.

**45.** **DEFENDANT DWIGHT HILL** is a member of the Police Jury.  He is sued in his official capacity.

**46.** **DEFENDANT SEAN SMITH** is a member of the Police Jury.  He is sued in his official capacity.

47.    **DEFENDANT MAYOR LORI ANN BELL and the Town Alderman, are the governing authorities, decision makers for the Town of Clinton, and is acting pursuant to the laws of the State of Louisiana.**

48.    **DEFENDANT RUSS HICKS, an employee of the East Feliciana Police Jury and the Town of Clinton as the Flood Plain Administrator, deprived PLAINTIFFS of rights secured by the Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121, et seg. (the Stafford Act) and Title VI of the Civil Rights Act of 1964.**

**IV.        STATEMENT OF FACTS**

49.    **FEMA is tasked with very broad and important responsibilities to help prepare for and respond to the needs of disaster victims.  Of all the agencies in the federal government, FEMA has primary responsibility for disaster preparation, response, and relief assistance.**

50.    **In particular, FEMA is required, on a non-discriminatory basis, to provide people whose homes were rendered inaccessible or uninhabitable as a result of a disaster with various forms of disaster assistance, including rental assistance and temporary housing.  FEMA is further required to disseminate to disaster victims information regarding the availability of such assistance, as well as the criteria for obtaining and maintaining such assistance, and to do so in a manner designed to reach those victims during times of disaster.**

51.    **EAST FELICIANA POLICE JURY hired JODY MOREAU as the Director of Homeland Security for East Feliciana's EOC and JIM PARKER Deputy Emergency Manager for East Feliciana EOC have bungled their FEMA assignments by misinforming**

14

and making decisions inconsistent with the Stafford Act, 42 U.S.C. § 5174 by not providing FEMA trailers to flood victims and/or caused a significant delay in flood victims receiving trailers. These flood victims that received trailers were informed that they had to leave their communities and relocate to another Parish; in spite of the fact, that property was available in Clinton, Louisiana to place the trailers.

On September 16, 2016, MR. GEORGE TURNER and MS. LULA LONDON with the PEOPLE'S WORKSHOP arranged a meeting with MR. MOREAU and MR. PARKER and advised them about the property they had secured in Clinton, Louisiana that could be used as a groupsite for displaced flood victims. Instead of embracing assistance for the flood victims MOREAU and PARKER interjected their personal prejudices towards this offer and opted to dislocate the residents out of their communities to another Parish. They went so far as to inform some of the residents that if they did not have property to place the trailers on they could not receive a FEMA trailer in spite of property being available to these residents. Their policies and practices have resulted in many residents still being homeless and displaced when they could have been provided appropriate housing and assistance since at least September 2016. MOREAU and PARKER did not properly inform the residents of their options and many remain in deplorable conditions or had to move out of the Parish.

52.    The Clinton, Louisiana area is predominately African-American and poverty-stricken, and many of the residents have been misinformed thus being confronted with additional challenges.

15

53.     FEMA representatives failed to assist some victims and PLAINTIFF MATTHEWS, a former cancer patient, was advised that they were not going to bring any FEMA trailers into Clinton and never received any response, feedback, or assistance from FEMA.  He has had to live from place to place.

54.     The process of obtaining trailer assistance from FEMA has been fraught with red tape and other bureaucratic impediments, and FEMA has been very slow to deliver the much- needed trailers.

55.     Local FEMA representatives intentionally made improper assessments of the flood victims' homes, downgrading the damage done to the homes so that that the victims could not receive proper assistance to salvage their homes.

56.     A meeting was held with Governor Edwards whereby MOREAU, PARKER and the Mayor, LORI ANN BELL provided erroneous information to the Governor that the Town of Clinton did not need a groupsite in Clinton to place the trailers on and that all the victims had received FEMA assistance.

57.     Many flood victims in Clinton have been hampered because of the misguiled of the FEMA representatives, the East Feliciana Police Jury and the Mayor of Clinton and were subjected to further aggravation and undue hardship.

V.          GENERAL ALLEGATIONS

A.      <u>Harm To Recipients And The Public</u>

58.      DEFENDANTS' wrongful conduct has caused and will continue to cause PLAINTIFFS and their class members irreparable harm and injury in that, absent judicial relief, they will be wrongfully denied, delayed, and sent away from their community

essential housing assistance that is necessary for the health and welfare of the applicants and their families.

59.     Without that housing assistance, PLAINTIFFS and their families and similarly situated class members are unable to remain continuously in affordable housing and face a threat of homelessness, or worse.

60.     Many PLAINTIFFS and their families, and similarly situated members of the class, have been forced to live in unsafe and unsanitary conditions which has caused medical complications, and many others will soon be forced to live in those intolerable conditions.

61.     Many PLAINTIFFS and their families, and similarly situated members of the class have been displaced to other Parishes, often by FEMA, and left without housing assistance and the means to return to their communities.

62.     The lack of housing assistance for PLAINTIFFS and their families, and similarly situated members of the class, has also served to split families and pre-disaster households apart.

63.     DEFENDANTS' continued failure and refusal to provide housing assistance to thousands of individuals and families is causing and will likely continue to cause, further destitution, homelessness, hunger, stress, and, as a consequence, increase the risk of illness and danger in their lives.

64.     DEFENDANTS' wrongful conduct also results in significant costs to the public and waste of taxpayer funds.  The loss of critically needed housing assistance and

sending them to other Parishes when property to place trailers on is available in their community harms those communities which have been affected by the flood.

65.    As a result of this misconduct, federal, state, local governments must expend significant additional funds for the increased use of Parish health as well as other staff and facilities to remedy these increased problems.

### B.    No Adequate Remedy At Law

66.    The above policies and practices of DEFENDANTS have had the effect of failing to make Temporary Housing Assistance available to many disaster victims who were displaced and/or whose homes were rendered uninhabitable by the flood, resulting in widespread displacement and misery amongst the affected residents of Clinton, Louisiana.

67.    PLAINTIFFS and the class members are without a plain, speedy or adequate remedy at law, thereby rendering injunctive relief appropriate in that (a) damages cannot adequately compensate PLAINTIFFS and their class for the injuries suffered; (b) damages for the harm inflicted upon PLAINTIFFS and their class are difficult to ascertain; and (c) if the conduct complained of is not enjoined, a multiplicity of suits will result in that FEMA's, and local officials', unlawful conduct is continuous and ongoing.

### FIRST CAUSE OF ACTION

(Failure to Provide Temporary Housing Assistance – Stafford Act Violation)

68.    PLAINTIFFS DORA O'CONNOR, PAMELA R. MILLER, LINDA KELLER, HAZEL HARRELL, SHEILA FLOWERS, ROBERT FLOWERS, EUGENE MATTHEWS, BEULAH BENNETT, and WALTER E. CHAPMAN, on behalf of

18

themselves and members of the class, reallege and incorporate by reference paragraphs 1 through 67 inclusive.

69.    **PLAINTIFFS DORA O'CONNOR, PAMELA R. MILLER, LINDA KELLER, HAZEL HARRELL, SHEILA FLOWERS, ROBERT FLOWERS, EUGENE MATTHEWS, BEULAH BENNETT, WALTER E. CHAPMAN, as well as similarly situated members of the class, meet the eligibility requirements for receiving Temporary Housing Assistance and applied for rental and/or trailer assistance months ago.**

70.    **Inexplicably, PLAINTIFFS with the exception of PEOPLE'S WORKSHOP and LULA LONDON still have not received any Temporary Housing Assistance from FEMA, and to the extent they have been able to reach a FEMA representative to ascertain the status of the benefits, they have been told only that they are "pending", "denied", or to appeal without any indication as to when they can expect to receive the Temporary Housing Assistance that they applied for months ago.**

71.    **By delaying Temporary Housing Assistance to these plaintiffs, and similarly situated members of the class, FEMA has violated and continues to violate its mandate to provide Temporary Housing Assistance to eligible persons, as directed by the President, and as funded by Congress.  As long as their Temporary Housing Assistance is delayed, they will continue to suffer harm.**

72.    **AS a result, DEFENDANTS have violated the rights of the PLAINTIFFS and similarly situated members of the class, under the Stafford Act and the federal regulations to receive Temporary Housing Assistance for which they are eligible.**

19

**SECOND CAUSE OF ACTION**

**(Failure to Provide Temporary Housing Assistance – Due Process Violation)**

73.     PLAINTIFFS, on behalf of themselves and members of the class, reallege and incorporate by reference paragraphs 1 through 72 inclusive.

74.     PLAINTIFFS, and similarly situated members of the class, as eligible disaster victims, have a property interest in the ability to claim and make use of Temporary Housing Assistance and where to locate the housing property as is available under the Stafford Act and the federal regulations.

75.     The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits defendants from employing procedures that are not reasonably designed to prevent arbitrary or erroneous delays or determinations with respect to claims for Temporary Housing Assistance, and from depriving PLAINTIFFS, and similarly situated members, of a meaningful opportunity to seek and make use of those benefits.

76.     The Temporary Housing Assistance available under the Stafford Act is intended to alleviate the misery and suffering of disaster victims who have lost their homes, and to do so on an expedited basis.  Rather than alleviate that suffering and deliver assistance to these PLAINTIFFS, and similarly situated member of the class, FEMA has subjected them to interminable delays and bureaucratic red tape, thereby adding to their despair.  That FEMA has still not provided PLAINTIFFS, and similarly situated members of the class, with their Temporary Housing Assistance is facially unreasonable given the purpose of this assistance and the urgent needs of these PLAINTIFFS, and reflects the

arbitrary nature of FEMA's procedures with respect to processing claims for Temporary Housing Assistance.

77. This amounts to a deprivation of a property interest without notice and due process and demonstrates that FEMA does not have procedures in place that are reasonable designed to prevent arbitrary and erroneous benefit delays and determinations.

78. As a result, DEFENDANTS have violated the rights of PLAINTIFFS, and similarly situated members of the class, under Due Process of law as guaranteed by the Fifth Amendment to the United States Constitution.

**THIRD CAUSE OF ACTION**

**(Denials And Delays of Temporary Housing Assistance – Violation of the Stafford Act**

**(Nondiscrimination Provisions)**

79. The Stafford Act provides that "the processing of applications, and other relief and assistance activities shall be accomplished in an equitable and impartial manner, without discrimination on the grounds of … economic status." 42 U.S.C. § 5151(a).

80. The federal regulations likewise require that "all personnel carrying out Federal major disaster or emergency assistance functions, including … the processing of the applications, and other relief and assistance activities, shall perform their work in an equitable and impartial manner, without discrimination on the grounds of … economic status." 44 C.F.R. § 206.111(b).

81. FEMA has violated and continues to violate the requirement that it administer the Temporary Housing Assistance program in an equitable and impartial manner, and without discrimination on the basis of economic status, by (a) delaying for

21

weeks and months in providing Temporary Housing Assistance to eligible, lower income disaster victims who do not have the means to withstand the delays; (b) failing to provide or wrongfully denying housing assistance, or disallowing the victims to place their trailers on a property that had been secured in their own community, to lower income victims who are eligible for such assistance and do not have the means to meet their housing and other basic needs without disaster relief; and failing to provide continuing rental assistance to lower income victims who are eligible for continuing assistance and do not otherwise have the means to meet their housing needs; and (d) otherwise failing to administer its Temporary Housing Assistance program in an manner that does not discriminate against lower income victims otherwise eligible for and in immediate need of housing assistance.

82.    As a result, DEFENDANTS have deprived PLAINTIFFS, and similarly situated members of the class, of Temporary Housing Assistance benefits to which they are otherwise entitled to claim, in violation of the anti-discrimination provisions of the Stafford Act and the federal regulations.

## INJUNCTIVE RELIEF

83.    PLAINTIFFS reallege and incorporate by reference all previous paragraphs 1 through 82 inclusive.

84.    By adopting the policies and practices set forth above, DEFENDANTS FEMA, DHS, JOHN F. KELLY, JODY MOREAU, JIM PARKER, GLEN KENT, CHRIS HALL, KEITH MILLS, DWIGHT HILL, SEAN SMITH, LORI ANN BELL, RUSS HICKS, and the EAST FELICIANA POLICE JURY, have caused and will cause PLAINTIFFS and members of the class irreparable harm and injury, in that eligible

persons have been and will continue to be denied Temporary Housing Assistance, and relocated to other Parishes in violation of federal law.

85.     Without the provision of actual housing, and housing in their community, the named PLAINTIFFS, and similarly situated members of the class, are living in cars, uninhabitable dwellings, or moving from place to place and unable to obtain affordable housing.  They, their children, and loved ones are subject to the fact or constant threat of homelessness or worse, directly causing harm to their health, welfare, and well-being.

86.     To suspend the EAST FELICIANA POLICE JURY from setting up a private long-term Recovery Committee under the local Chamber of Commerce that does not include a representative from the local agencies and citizen(s) representative on the committee that represent an accurate depiction of the community residents affected by the flood.

## FOURTH CAUSE OF ACTION

### (Title VI of the Civil Rights Act of 1964 and Due Process Violations)

87.      PLAINTIFFS, and similarly situated members of the class, as eligible disaster victims, have a property interest in the ability to claim and make use of Temporary Housing Assistance benefits that are available under the Stafford Act and the federal regulations.

88.     The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits defendants from employing procedures that are not reasonably designed to present arbitrary or erroneous delays or determinations with respect to claims

for Temporary Housing trailers and property sites which drove victim residents out of their area to live.

89.     JODY MOREAU and JIM PARKER violated PEOPLE'S WORKSHOP Feliciana Housing Program President George Turner and Community Coordinator Lula London's rights pursuant to Title VI of the Civil Rights Act 1964 to assist the flood victims in the trailer site process.  On September 16, 2016 Mr. Turner and Ms. London had property available to place FEMA trailers on in order to assist the flood victims.   However, JODY MOREAU and JIM PARKER intentionally discriminated against the PLAINTIFFS, and similarly situated members of the class, by securing property sites in another Parish instead of the property located in Clinton, Louisiana proposed by MR. TURNER and MS. LONDON when MOREAU questioned them and learned that the land owners are African Americans.

90.     DEFENDANTS' wrongful conduct has resulted in significant harm to flood victims in Clinton, Louisiana because six months later they have been uprooted, displaced, and some have become homeless, living in their cars.

### DECLARATORY RELIEF

91.     An actual controversy exists between PLAINTIFFS and DEFENDANTS in that PLAINTIFFS contend that the policies and practices set forth in paragraphs 1 to 89, supra, violates the Stafford Act, the federal regulations promulgated thereunder, Title VI of the Civil Rights Act of 1964, and the Constitution of the United States.

92.     WHEREFORE, PLAINTIFFS, and similarly situated members of the class, PRAY for the following relief:

1. FEMA will ensure that all eligible applicants for Temporary Housing Assistance who have applied for such assistance receive it within a reasonable period of time.

2. For a Preliminary and Permanent Injunction restraining DEFENDANTS to provide to persons who submitted applications for Temporary Housing Assistance but have been subsequently denied, Temporary Housing Assistance.

3. For a Preliminary and Permanent Injunction restraining DEFENDANTS from having a trailer groupsite outside of the Town of Clinton.

4. For a Preliminary and Permanent Injunction restraining the East Feliciana Police Jury from forming a Private Task Recovery Committee with public funds which does not include a representative from local agencies and residents of the community which represent a fair and adequate depiction of the Town of Clinton.

5. For a Preliminary and Permanent Injunction prohibiting the East Feliciana Chamber of Commerce from receiving and overseeing FEMA funds (resources) because they are agencies that do not meet the requirements associated with the Stafford Act.

6. **FURTHER PRAY THAT FEMA will set up trailer sites in the Town of Clinton and utilize the property available and provided by Feliciana Housing Authority as a FEMA property groupsite.**

7. **For Declaratory Relief**

8. **For an order allowing this case to proceed as a class action;**

9. **For costs of suit and reasonable attorney fees; and**

10. **For such other relief as this Court deem just and proper.**


**Respectfully submitted,**


**/s/ *Carol D. Powell Lexing***_____
**Carol D. Powell Lexing**
**Law Office of Carol D. Powell Lexing**
**And Associates**
**2485 Tower Drive, Suite 6**
**Monroe, Louisiana 71201**
**Telephone: (318) 324-0700**
**Facsimile: (318) 324-0702**
**Email: legaldove2@yahoo.com**
**Bar Roll No. 21033**