# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

PEOPLE'S WORKSHOP, INC. ET AL.

VERSUS

FEDERAL EMERGENCY
MANAGEMENT AGENCY, ET AL.

CV. NO. 17-107-JWD-RLB

JUDGE JOHN W. deGRAVELLES

## RULING AND ORDER

### I. INTRODUCTION

Before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(2) and Alternative Rule 12(e) Motion for a More Definite Statement filed on behalf of the East Feliciana Parish Police Jury; Police Jury members Glen Kent, Chris Hall, Keith Mills, Dwight Hill, and Sean Smith; Jody Moreau; and Jim Parker ("Defendants"). ("Motion to Dismiss," Doc. 15). Plaintiffs People's Workshop, Inc. and the individual plaintiffs ("Plaintiffs") have filed an Opposition. (Doc. 21). Defendants have filed a Reply in further support of the Motion. (Doc. 25).

Defendants have also filed a Motion to Strike an affidavit offered in support of the Opposition to the Motion to Dismiss. ("Motion to Strike," Doc. 24). Plaintiffs have filed an Opposition to the Motion to Strike. (Doc. 35).

For the reasons discussed below, the Motion to Strike is denied as moot, and the Motion to Dismiss is granted in part and denied in part.

### II. PLAINTIFFS' ALLEGATIONS

This action is brought by People's Workshop and several individuals, purportedly on their own behalf and on behalf of a class of people similarly situated. (Doc. 1 at 6-12). In August 2016, Louisiana experienced historic flooding, causing the President to declare a state of emergency. (*Id.*

1

at 6). Plaintiffs allege that, upon the declaration of emergency, the Federal Emergency Management Agency ("FEMA") was required to provide people whose homes were rendered uninhabitable or inaccessible with various forms of disaster assistance on a non-discriminatory basis. (*Id.* at 14). The Complaint claims generally that a series of delays and misrepresentations by FEMA representatives, both federal and local, have failed to provide adequate flood relief to Plaintiffs. (*Id.* at 14-15). Plaintiffs maintain that these representatives have, *inter alia*, failed to provide temporary housing, failed to provide local group sites for FEMA trailers, intentionally provided Governor Edwards with erroneous information, and failed to properly assess damages. (*Id.* at 2-3). Plaintiffs contend that delays, misrepresentations, and denials of temporary housing assistance have resulted in irreparable harm and injury. (*Id.* at 3).

Plaintiffs present four causes of action. The first is for failure to provide temporary housing assistance in violation of the Stafford Disaster Relief and Emergency Assistance Act (the "Stafford Act"). (*Id.* at 18-19). The second is for failing to provide temporary housing assistance in violation of due process because the delays and "bureaucratic red tape" that flood victims have been subject to amounts to a deprivation of a property interest without notice of due process. (*Id.* at 20-21).

The third is for denials and delays of temporary housing assistance in violation of the nondiscrimination provisions of the Stafford Act. (*Id.*). In connection with this claim, Plaintiffs allege that the defendants have delayed providing temporary housing to eligible, low-income disaster victims; failed to provide or wrongfully denied housing assistance to eligible low-income victims; failed to provide "continuing rental assistance" to low-income disaster victims; and otherwise failed to administer this program in a manner that does not discriminate against low-income victims. (*Id.* at 21-22). The final cause of action is for violating due process and Title VI of the Civil Rights Act of 1964, alleging that Defendants discriminated against Plaintiffs "by

securing property sites in another Parish instead of the property located in Clinton, Louisiana . . . when [Moreau] . . . learned that the land owners [were] African Americans." (*Id.* at 23).

### III. DISCUSSION

#### A. General Standards

Federal Rule of Civil Procedure ("Rule") 12(b)(5) allows a party to move to dismiss for insufficient service of process. The party making service has the burden of demonstrating its validity when an objection to service is made. *Holly v. Metro. Transit Authority*, 213 F. App'x 343 (5th Cir. 2007) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). The district court has broad discretion in determining whether to dismiss an action for ineffective service of process. *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Laplan*, 686 F.2d 276, 280 (5th Cir. 1982)). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Buillion v. Gillepsie*, 895 F.2d 213, 217 (5th Cir. 1990) (citations omitted)). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *Id.* ("Proof by preponderance of the evidence is not required."). However, in assessing whether the

plaintiff has presented a prima facie case of personal jurisdiction, the court "will not 'credit conclusory allegations, even if uncontroverted.'" *Sealed Appellant 1 v. Sealed Appellee 1*, 625 F. App'x 628, 631 (5th Cir. 2015) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)). The court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)); *cf.* Fed. R. Civ. P. 12(d) (listing only motions under Rule 12(b)(6) and 12(c) as requiring conversion to summary judgment if evaluated on matters outside the pleadings).

Proper service of process is an essential part of the procedure for establishing and proving personal jurisdiction. *Carimi,* 959 F.2d at 1349; *see also Delta S.S. Lines, Inc. v. Albano,* 768 F.2d 728 (5th Cir. 1985). In the absence of valid service of process, proceedings against a party are void. *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. 1981).

Rule 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Beanel v. Freeport–McCoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)"). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). A Rule 12(e) motion may be appropriate "if a pleading fails to specify the allegations in a manner that provides sufficient notice." *Id.* at 514.

When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8. *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006); *see* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *Adams v. Southland Trace*, 2012 WL 12986191, at *5 (M.D. La. Feb. 29, 2012). The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion. *Id.* Finally, a Rule 12(e) motion is not a substitute for the discovery process. *Ford v. Cain*, 2016 WL 447617, at *2 (M.D. La. Feb. 4, 2016).

### B. Defendants' Motion to Dismiss

Defendants' Motion to Dismiss first argues that dismissal is appropriate for insufficient service of process and lack of personal jurisdiction. (Doc. 15-1 at 2-6). Defendants contend that Plaintiffs did not properly effect service within the 90 days allowed by law, have in fact never properly served the Complaint, and have not established "good cause" for their failure to serve. (*Id.* at 3). Preliminarily, according to Defendants, Plaintiffs' February 24, 2017 Complaint was due to be served by May 25, 2017. (*Id.*); *see also* Rule 4(m) (complaint must be served within 90 days of filing unless extension of time is granted).

According to the Motion to Dismiss and an affidavit by Kim Sanders Shively, a receptionist at the Police Jury's office, on May 1, 2017, a package containing copies of the Summons and Complaint were delivered to the Police Jury's office. (Doc. 15-1 at 3; Doc. 15-2 at 1). The person delivering the package did not identify himself as a process server and did not attempt to deliver the Summons and Complaint to the president of the police jury or attempt to determine whether the president or any Police Jury members were present. (Doc. 15-1 at 3; Doc. 15-2 at 1-2).

Shively's affidavit states that she has "direct responsibility for receiving and handling items delivered to the office of the [Police Jury]." (Doc. 15-2 at 2).

Therefore, Defendants argue, the Police Jury as an entity has not been properly served under Rule 4 or La. Code Civ. P. art. 1265 ("Article 1265"), the appropriate state law mechanism for serving a state-created governmental organization. (Doc. 15-1 at 4). Particularly, Defendants rely upon *Doe v. St. James Par. Sch. Bd.,* 2016 WL 1558794 (E.D. La. Apr. 18, 2016) (Vance, J.), in arguing that the process server was required to "ascertain the chief executive officer's absence prior to attempting service on other employees." (*Id.* at 3-4 (emphasis omitted)).

Defendants also contend that the individually named Police Jury members were improperly served. (*Id.* at 4). Because these individuals are sued in their official capacity, (*see* Doc. 1 at 13), Defendants argue that they also had to be served in compliance with Article 1265. (Doc. 15-1 at 4-5 (citing *Doe*, 2016 WL 1558794, at *4)). For the same reasons discussed *supra*, Defendants contend that service was inadequate.

Additionally, the Motion to Dismiss and an affidavit by Moreau contend that neither Moreau nor Parker is a member of the Police Jury, and they maintain separate offices from the Police Jury. (Doc. 15-1 at 5; Doc. 15-3 at 1). Service on Moreau and Parker allegedly fails for this additional reason. (Doc. 15-1 at 5).

Because proper service is a necessary component of personal jurisdiction, Defendants further argue that the aforementioned failures of service cause the Court to lack personal jurisdiction. (*Id.* at 5-6).

"In the alternative," Defendants request a more definite statement pursuant to Rule 12(e). (*Id.* at 6-9). Defendants argue that Plaintiffs' class allegations fail to establish that the named plaintiffs are adequate class representatives or set forth issues of law or fact common to the class.

6

(*Id.* at 7-8). Additionally, Defendants argue that Plaintiffs' claims are set forth in general terms, without specifying the defendant against which each claim is brought, and do not (1) identify any Police Jury action that would have "deprived Plaintiffs of the ability to apply for (or obtain) temporary housing after the August 12, 2016 flood under federal law;" (2) identify actions taken by individual police jury members that would have deprived Plaintiffs of this ability; or (3) explain why Caucasian members of the Police Jury were sued and African-American members of the Police Jury were not. (*Id.* at 8-9).

### C. Plaintiffs' Opposition

Plaintiffs oppose the Motion to Dismiss, contending in their Opposition and an attached affidavit by process server Benjamin Haley that Haley served the Police Jury "through Kim Shively" on May 1, 2017; the "papers being served" were not concealed; and Shively "willingly accepted the papers and signed and printed her name on a piece of paper so that the server would have the correct spelling of her name." (Doc. 21 at 2-3; Doc. 21-1 at 1). Plaintiffs note that Shively is responsible for "receiving and handling items delivered to the office of the [Police Jury]." (Doc. 21 at 3). Because Shively did not "indicate the presence or absence of any of the named persons," Plaintiffs contend that "any argument that the process server failed to inquire as to the defendants' presence or absence should be considered waived." (*Id.* at 3-4). Plaintiffs also argue that "any other arguments directed to service should also be considered waived" because Shively's statements concerning the manner in which service occurred are "incorrect." (*Id.* at 4).

Plaintiffs argue that *Doe* is unavailing because it is not a Fifth Circuit case and because the case concerned a suit against a school board, which is governed by a different state law, making any of *Doe*'s statements concerning Article 1265 dicta. (*Id.* at 4).

7

If the Court holds that service was insufficient, Plaintiffs request an extension of time to effect service. (*Id.*). Plaintiffs claim they can show good cause because, at the time suit was filed, Plaintiffs' counsel had "over ten defendants" to serve within the 90-day period. (*Id.* at 5). Counsel's "good faith" is allegedly also substantiated by "her service on many other defendants in this suit." (*Id.*). Additionally, Plaintiffs contend that leniency may be warranted considering that Defendants have actual notice of this suit. (*Id.* at 5-6).

With respect to Defendants' request for a more definite statement, Plaintiffs contend that the operative Complaint complies with the relevant standards, arguing that they "are not required to marshal their evidence in their [C]omplaint" and that Defendants may seek "clarification of issues regarding the class" in discovery. (*Id.* at 7-8).

### D. Defendants' Reply

In reply, Defendants reassert their earlier arguments. (*See generally* Doc. 25). Defendants state that Haley's affidavit should be struck as discussed *infra* but, even if it is not, it does nothing to establish that Haley served the Police Jury, as Shively is not the Police Jury's "chief executive officer" and Haley did nothing to establish the chief executive officer's absence as required by Article 1265. (*Id.* at 2). Defendants also argue that *Doe* and other non-binding authority is persuasive with respect to the issues presented. (*Id.* at 2-3). Defendants also contend that Plaintiffs are not entitled to an extension of time to effect service. (*Id.* at 3-4). Finally, Defendants argue that Plaintiff's Opposition "does not address any of the issues" raised in Defendants' request under Rule 12(e). (*Id.* at 4).

### E. Defendants' Motion To Strike

Haley's affidavit was notarized by Brandy Crawford, an Alabama notary, in Baton Rouge, Louisiana. (Doc. 21-2 at 1). Defendants move to strike the affidavit as unsworn and uncertified,

8

arguing that Crawford is not authorized to administer oaths in Louisiana and that the affidavit does not certify "under penalty of perjury that the foregoing is true and correct." (Doc. 24-1 at 2-3). Plaintiffs oppose, arguing that "federal evidence law applies" and "Defendants have not cited any case law holding that an affidavit submitted in a federal case must comply with state rules to be competent evidence." (Doc. 35 at 2). Plaintiffs also argue that, as 28 U.S.C. § 1746 permits an affiant to "self-verify by using the statutory language of that section," an affidavit before a notary will suffice as well. (*Id.*). Furthermore, Plaintiffs contend that it is "beyond doubt" that Haley "subjected himself to the penalties of perjury, which is the whole point of having a jurat or self-verification," and Defendants' arguments "exalt form over substance." (*Id.*).

### F. Analysis

The Court first considers the Motion to Strike. The Court agrees with Defendants that it is at best unclear whether Haley's affidavit is properly sworn or certified. Under Alabama law, "[t]he jurisdiction of the notaries public . . . shall extend to any county of the state." Ala. Code § 36-20-70. Haley's affidavit, however, was signed outside Alabama. Additionally, the affidavit does not contain language "substantially" mirroring that in 28 U.S.C. § 1746, *i.e.*, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Plaintiffs' argument that Defendants "exalt form over substance" is similarly unavailing; this area of procedure requires rigorous compliance with applicable standards. *See Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306-07 (5th Cir. 1988) (rejecting claims that objection to unsworn, uncertified affidavit was "hypertechnical"); *cf. Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) ("We have no desire to make technical minefields of summary judgment proceedings, but neither can we countenance laxness in the proper and timely presentation of proof.").

9

However, the Court deems it unnecessary to finally decide this issue because, as discussed *infra*, the outcome is the same even if the statements in Haley's affidavit are considered. *See, e.g., Donihoo v. Dallas Airmotive, Inc.*, 1998 WL 574770, at *2 (N.D. Tex. Aug. 31, 1998) ("As a preliminary matter, the Court must consider [the] defendant's motion to strike portions of [the] plaintiff's response. Specifically, [the] defendant asserts that the third paragraph in the relevant facts section of [the] plaintiff's response is a factual contention which lacks evidentiary support. Because the Court has found it unnecessary to rely upon the statements contained in paragraph three of the response, [the] defendant's motion to strike is denied as moot." (capitalization altered)). Therefore, the Motion to Strike is denied as moot.

The Court now turns to the parties' contentions concerning service of process, which is governed by Rule 4. Rule 4(e) provides that an individual may be served in the United States by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;" (2) delivering a copy of the summons and of the complaint to the individual personally; (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(j)(2) provides that a state, municipal corporation, or any other "state-created governmental organization" must be served by delivering a copy of the summons and complaint to its chief executive officer or serving a copy of each in the manner prescribed by that state's law.

Here, there is no allegation that Plaintiffs served the individual Defendants by personal service, service at their dwelling, or service upon an "agent authorized by appointment or by law." There is also no allegation that Plaintiffs actually served the Police Jury's "chief executive officer."

Indeed, the parties agree that Plaintiffs' attempts to effect service should be analyzed under state law, namely Article 1265. (*See* Doc. 15-1 at 3; Doc. 21 at 3 ("[Article 1265] authorizes service upon the chief executive officer, or in his absence, upon any employee thereof of suitable age and discretion. Such was done in this case.")).

> Article 1265 states:
>
> Service of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion. If the political entity or public officer has no established office, then service may be made at any place where the chief executive officer of the political entity or the public officer to be served may be found.

The Court now considers the parties' arguments concerning Article 1265's applicability to each of the moving Defendants.

### i. Service on Moreau and Parker

Service on Moreau and Parker was clearly inadequate. According to the Motion to Dismiss and Moreau's uncontroverted affidavit, he and Parker are not members of the Police Jury and maintain offices separate from the Police Jury. (Doc. 15-1 at 5; Doc. 15-3 at 1). Shively is an employee at the office of the Police Jury and is responsible for receiving and handling deliveries there. (Doc. 15-2 at 1). Plaintiffs have therefore wholly failed to demonstrate that service on Moreau and Parker was effective, and the requirements for dismissal under Rules 12(b)(5) and 12(b)(2) are met.

### ii. Service on the Police Jury and its Members

Whether service was proper on the Police Jury as an entity as well as its individual members turns on one question: did the process server have to affirmatively ascertain whether the chief

11

executive officer and the individuals sued were absent before effecting service on a different employee?

Defendants rely principally on *Doe* in arguing that he did. (Doc. 15-2 at 3-4). In *Doe*, the plaintiffs sued a school board, its members, and administrative officials under 42 U.S.C. § 1983. *Doe*, 2016 WL 1558794, at *1. Defendants moved to dismiss under Rule 12(b)(5) and 12(b)(2). *Id.* The court dismissed for improper service, generally relying on a different provision of Louisiana law specifically applicable to suits against school boards. *Id.* at *2-3. In dicta, however, the court opined that, "even if Article 1265 did provide a method for effectuating individual service," the plaintiffs had not complied with it. *Id.* at *4. The court continued:

> Although Article 1265 contemplates service on a public official's employee in certain circumstances, such service is appropriate only "in [the public official's] absence" from the workplace. In other circumstances, a public official should be served personally at his or her office. Here, plaintiffs do not assert that they failed to personally serve the Individual Defendants because the Individual Defendants were absent from work. Indeed, they provide no explanation whatsoever for serving all eleven Individual Defendants by delivering summonses and copies of the complaint to an "employee at St. James Parish School Board Central." Thus, plaintiffs fail to demonstrate that their service of the Individual Defendants was proper even under [Article 1265].

*Id.* (first alteration in original, citations omitted); *see also Gilmore v. Wolfe*, 2016 WL 438978, at *2 (M.D. La. Feb. 3, 2016) ("After a careful review of the record, the Court finds that Plaintiff has failed to establish that Defendants were properly served pursuant to [Article 1265]. According to said article, a defendant sued in his official capacity must be personally served at his office unless he is absent from work. Yet Plaintiff does not assert that he failed to personally serve Defendants because *they* were absent from work. Rather, he asserts that he failed to personally serve Defendants because the East Baton Rouge Parish Sheriff was absent from work. This, [Article 1265] will not permit.").

12

Plaintiffs are correct that *Doe* is not binding precedent and that its discussion of Article 1265 appeared in dicta. However, the Court finds *Doe* persuasive on this issue. Article 1265 clearly contemplates that, in some circumstances, a process server may need to affirmatively establish the absence of a particular employee before serving another employee in the alternative. Otherwise, the statute would in effect describe two equally appropriate alternatives for service (the chief executive officer or the officer to be sued versus any employee of suitable age and discretion), and the words "in his absence" would be entirely superfluous. As set forth *supra*, effecting proper service and establishing personal jurisdiction are Plaintiffs' responsibility. Plaintiffs have provided no authority in support of their argument concerning Defendants' alleged waiver of their right to appropriate service, nor is the Court willing to infer such waiver simply from Shively's alleged willing "acceptance" of a package containing the Summons and Complaint. (Doc. 21-2 at 1).

Because Plaintiffs' process server never inquired as to the presence of the Police Jury's "chief executive officer" or any of the jury members, neither the Police Jury nor its members have been properly served under Louisiana law, made applicable in this case by Rule 4. The requirements for dismissal under Rules 12(b)(5) and 12(b)(2) are therefore met with respect to these defendants.

### iii. Request for Extension of Time

Before dismissing this action for improper service, the Court will consider Plaintiffs' request for an extension of time. Rule 4(m) provides that, if a defendant is not timely served, the court "must dismiss the action" or order that "service be made within a specified time." The rule further provides that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Fifth Circuit has interpreted this to mean that,

13

even if good cause for failure to serve does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service. *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996).

To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect." *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir. 1985). "Actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending" the service period. *Traina v. United States,* 911 F.2d 1155, 1157 (5th Cir. 1990). Additionally, the claimant must make a showing of good faith and establish "'some reasonable basis for noncompliance within the time specified.'" *Winters,* 776 F.2d at 1306 (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure Sec. 1165, at 480 (2d ed. 1987)).

The Court will grant Plaintiffs an extension of time to effect service. Plaintiffs had a large number of defendants to serve, and it appears that Plaintiffs' counsel attempted service on all of the defendants within the original period provided for in Rule 4. The service efforts described in this Ruling and Order, although inadequate, were apparently made in "good faith," and were not inadequate based simply on "inadvertence of plaintiffs' counsel." Defendants have also had notice of the suit since it was instituted. Several of the foregoing facts arguably demonstrate "good cause," and the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits. *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991); *see also Chaney v. Jones*, 2016 WL 6143062, at *3 (W.D. La. Oct. 19, 2016) (good cause not shown but extension nevertheless warranted where defendant "likely knew about this suit from its inception [and was] not prejudiced by the delayed service, and the plaintiff tried to serve

14

[defendant] near the 120 day deadline.")). Therefore, the Court will grant an extension of time in which to effect service.

### iv. Motion for More Definite Statement

Defendants' request for a more definite statement was made in the alternative to their request for dismissal due to improper service. (Doc. 15-1 at 6). The Court has granted Defendants' request for dismissal in most or all relevant respects, and it is unclear the extent to which this may moot Defendants' request for a more definite statement.

In the interest of efficiency, the Court notes generally that it agrees with Defendants in some, but not all, respects. For example, Defendants contend that the Complaint fails to specify whether certain named plaintiffs reside in Clinton or owned a home that flooded, which is necessary to ascertain their status as appropriate class representatives. (Doc. 15-1 at 7). It does not appear, however, that Defendants require additional allegations to raise this claimed failing when appropriate, *i.e.*, in a motion to dismiss under Rule 12(b)(6) or an opposition to an eventual motion to certify a class. Defendants also have not demonstrated that they will be unable to frame a responsive pleading absent Plaintiffs' explaining why they only sued Caucasian Police Jury members. (*Id.* at 9).

Defendants' arguments concerning Plaintiffs' legal claims are on firmer ground. While the general nature of *some* of Plaintiffs' claims against these Defendants is clear enough to formulate a response, the Complaint does not precisely delineate the scope of the claims against each Defendant. A response by Defendants would almost certainly either be extremely overinclusive, by anticipating and responding to claims that Plaintiffs intended to raise only against other entities, or underinclusive, by failing to respond to obliquely-stated claims that Plaintiffs nevertheless intend to assert. Ordering a more definite statement with respect to these issues is warranted.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that the Motion to Strike (Doc. 24) is **DENIED AS MOOT**, and the Motion to Dismiss and Alternative Rule 12(e) Motion for a More Definite Statement (Doc. 15) is **GRANTED IN PART AND DENIED IN PART.** Although Plaintiffs have failed to effect service, the Court will grant an extension of time in which to do so. Defendants' request for a more definite statement is granted in the respects discussed in this Ruling and Order.

The Court will set deadlines concerning the more definite statement and effecting service following the disposition of all now outstanding motions.

Signed in Baton Rouge, Louisiana, on <u>March 28, 2018</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**