UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PEOPLE'S WORKSHOP, INC. ET AL.

CV. NO. 17-107-JWD-RLB

VERSUS

JUDGE JOHN W. deGRAVELLES

FEDERAL EMERGENCY
MANAGEMENT AGENCY, ET AL.

## RULING AND ORDER

This case is before the Court on Plaintiffs' "Motion to Toll Prescriptions." ("Motion," Doc. 36). The Motion states without elaboration that the prescriptive periods applicable in this case expired on August 14, 2017, the date the Motion was filed, and that several then-pending motions by Defendants challenged the propriety of service. (Doc. 36-2 at 2). Plaintiffs request that the Court "equitably toll the prescription period until the motions have been ruled upon, and if granted, that prescription be tolled until proper service can be had." (*Id.*). In support of this request, Plaintiffs cite *Holland v. Florida*, 560 U.S. 631 (2010), and *Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir. 2010). (*Id.*). Plaintiffs contend that they "worked diligently" to effect service, and "[t]he impediment has been the various motions filed by defendants to defeat jurisdiction based on alleged improper service." (*Id.*). In the alternative, Plaintiffs request "that the Court permit them to add any parties that the Court rules have not been properly served so that Plaintiffs may reserve [sic] them and bring them back into the suit." (*Id.* at 3).

Defendants the East Feliciana Parish Police Jury, Glen Kent, Chris Hall, Keith Mills, Dwight Hill, Sean Smith, Jody Moreau, Jim Parker, the Town of Clinton, the Board of Aldermen for the Town of Clinton, Lori Ann Bell and Russ Hicks ("Defendants") oppose. (Docs. 42, 43). "Without commenting on the issue of whether prescription has run on Plaintiffs' claims,"

1

Defendants argue that Plaintiffs are not entitled to equitable tolling. (Doc. 42 at 1). First, Defendants argue that Plaintiffs cited standards applicable to *pro se* habeas corpus petitions and have not shown that the laws at issue in this case are subject to equitable tolling. (*Id.* at 2). Next, Defendants claim that Plaintiffs have not set forth "any facts" demonstrating that they are entitled to equitable tolling, *i.e.*, that they have been pursuing their rights diligently and some extraordinary circumstance stood in their way. (*Id.* at 2-3). Defendants particularly fault Plaintiffs for making "only one attempt" at proper service, and they argue that Plaintiffs' "contention that Defendants' filing of a Motion to Dismiss created an impediment to service is similarly misplaced." (*Id.* at 3). "On the contrary, Defendants' Motion to Dismiss . . . provided Plaintiffs with notice that service had not been effected, and should have prompted Plaintiffs to remedy their error in order to avoid dismissal." (*Id.*). Defendants also argue that Plaintiffs' alternative request to amend their Complaint to re-name Defendants who were not timely served would contradict the purpose of procedural rules governing filing and service requirements and would prejudice Defendants. (*Id.*).

In a "rejoinder," Plaintiffs contend that equitable tolling "frequently operates in the background of statutes of limitations, even when not expressly mentioned," and Defendants have failed to cite any authority holding that equitable tolling does not apply in this case. (Doc. 44 at 1-2). Plaintiffs also reiterate that they timely filed suit and acted diligently to effect service, noting that "[i]n many equitable tolling cases, the plaintiff does not even file her claim prior to the expiration of limitations." (*Id.* at 2-3).

Plaintiffs' Motion is premature. The Motion's sole purpose is to toll the prescriptive periods that may apply in this case, but no Defendant has requested dismissal on this basis. Indeed, Defendant's Opposition to the Motion expressly declines to comment on the issue. Resultantly, the parties have not discussed the particular prescriptive periods applicable in this case or any

2

examples of circumstances under which they have been tolled (or not tolled) under the framework Plaintiffs rely upon.

Moreover, as the Court will set forth in separate orders, service on some Defendants in this case was inadequate, and Plaintiffs will need to re-attempt service. The Motion requests, if the Court so rules, that "prescription be tolled until proper service can be had." (Doc. 36-2 at 2). That is, the Motion requests a ruling on equitable tolling regarding events that have yet to occur. Even assuming that Plaintiffs have set forth an applicable equitable tolling standard, the Court is currently unable to evaluate the degree of diligence with which Plaintiffs have acted, or the "extraordinariness" of any circumstances standing in their way, during those events.

For the foregoing reasons, Plaintiffs' Motion (Doc. 36) is denied as premature. This denial is without prejudice to Plaintiffs renewing their arguments concerning tolling at a more appropriate time.

Signed in Baton Rouge, Louisiana, on <u>March 28, 2018</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**