UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PEOPLE'S WORKSHOP, INC. ET AL.

VERSUS

FEDERAL EMERGENCY
MANAGEMENT AGENCY, ET AL.

CV. NO. 17-107-JWD-RLB

JUDGE JOHN W. deGRAVELLES


### RULING AND ORDER


I.  INTRODUCTION

Before the Court is a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) filed on behalf of The Town of Clinton; the Board of Aldermen for the Town of Clinton; Lori Ann Bell; and Russ Hicks ("Town Defendants"). ("Motion," Doc. 55). Plaintiffs People's Workshop, Inc. and individuals purporting to represent themselves and a class of people similarly situated ("Plaintiffs") have filed an Opposition. (Doc. 61). The Town Defendants have filed a Reply in further support of the Motion. (Doc. 62).

For the reasons discussed below, the Motion is granted, but Plaintiffs will be given leave to amend.

II.  PLAINTIFFS' ALLEGATIONS

In August 2016, Louisiana experienced historic flooding, causing the President to declare a state of emergency. (Doc. 1 at 6). Plaintiffs allege that, upon the declaration of emergency, the

1

Federal Emergency Management Agency ("FEMA") was required to provide people whose homes were rendered uninhabitable or inaccessible with various forms of disaster assistance on a non-discriminatory basis. (*Id.* at 14). The Complaint generally claims that FEMA and its representatives, both federal and local, have failed to provide adequate flood relief to Plaintiffs. (*Id.* at 14-15). For example, Plaintiffs maintain that FEMA and its representatives have failed to provide temporary housing, failed to provide local group sites for FEMA trailers, provided Governor Edwards with erroneous information in connection with providing FEMA flood relief, and failed to properly assess damages. (*Id.* at 2-3).

Plaintiffs allege four causes of action. The first is for failure to provide temporary housing assistance in violation of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (the "Stafford Act"). (*Id.* at 18-19). The second is for failing to provide temporary housing assistance in violation of Plaintiffs' due process rights. (*Id.* at 20-21). The third is for "denials and delays of temporary housing assistance" in violation of the nondiscrimination provisions of the Stafford Act. (*Id.* at 21). The final cause of action is for violating Plaintiffs' due process rights and Title VI of the Civil Rights Act of 1964. (*Id.* at 23). Plaintiffs' prayer for relief requests the following:

> 1. FEMA will ensure that all eligible applicants for Temporary Housing Assistance who have applied for such assistance receive it within a reasonable period of time.
>
> 2. For a Preliminary and Permanent Injunction restraining DEFENDANTS to provide to persons who submitted applications for Temporary Housing Assistance but have been subsequently denied, Temporary Housing Assistance.
>
> 3. For a Preliminary and Permanent Injunction restraining DEFENDANTS from having a trailer groupsite outside of the Town of Clinton.
>
> 4. For a Preliminary and Permanent Injunction restraining the East Feliciana Police Jury from forming a Private Task Recovery Committee with public funds which

does not include a representative from local agencies and residents of the community which represent a fair and adequate depiction of the Town of Clinton.

5. For a Preliminary and Permanent Injunction prohibiting the East Feliciana Chamber of Commerce from receiving and overseeing FEMA funds (resources) because they are agencies that do not meet the requirements associated with the Stafford Act.

6. FURTHER PRAY THAT FEMA will set up trailer sites in the Town of Clinton and utilize the property available and provided by Feliciana Housing Authority as a FEMA property groupsite.

7. For Declaratory Relief

8. For an order allowing this case to proceed as a class action;

9. For costs of suit and reasonable attorney fees; and

10. For such other relief as this Court deem just and proper.

(*Id.* at 25-26).

### III. DISCUSSION

#### A. General Standards

Rule 12(c) provides that, after the pleadings are closed but early enough not to delay trial, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002)).

3

In *Johnson v. City of Shelby, Miss.,* ⸻ U.S. ⸻, 135 S. Ct. 346 (2014), the Supreme Court analyzed the standards applicable to motions under Rule 12(b)(6), explaining that "[f]ederal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S.Ct. at 346–47 (citation omitted).

Interpreting Rule 8(a), the Fifth Circuit has explained:

The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (emphasis added in *Lormand*)).

Applying the above case law, the Western District of Louisiana has stated:

Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)]; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand, supra,* nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand,* 565 F.3d at 257; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

More recently, in *Thompson v. City of Waco, Tex.*, 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff . . . To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff state a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502–03 (citations and internal quotations omitted).

### B. The Parties' Arguments

The Town Defendants argue that judgment on the pleadings is appropriate because "the only factual allegation . . . directed at the Town Defendants . . . states that [Bell] allegedly 'provided erroneous information to the Governor that the Town of Clinton did not need a groupsite in Clinton to place the trailers on and that all victims had received FEMA assistance.'" (Doc. 55 at 2; Doc. 55-1 at 1-2). The Town Defendants argue that the Complaint: (1) otherwise only alleges that undifferentiated "Defendants" violated Plaintiffs' rights; (2) fails to identify any legal duty that the Town Defendants owed to Plaintiffs; and (3) similarly does not establish that the Town Defendants can provide any of the relief sought in Plaintiffs' prayer. (Doc. 55 at 2; Doc. 55-1 at 4-6).

In opposition, Plaintiffs argue that the Complaint contains *two* allegations concerning the Town Defendants: the aforementioned allegation concerning Bell's representations to the Governor and that Hicks, an employee of both the Town of Clinton and the East Feliciana Police Jury, "deprived Plaintiffs of rights under the Stafford Act." (Doc. 61-1 at 3). Plaintiffs contend that, although "the duties of the Stafford Act flow from the federal government to the affected citizens," a "city official" may not "frustrate the purposes of the Act by feeding false information to another government official." (*Id.* at 4). Plaintiffs state that the Town Defendants have "failed

5

to cite any authority that they are free so to do [sic]." (*Id.*). Plaintiffs also request leave to amend if the Court determines that the Complaint is inadequate as currently pled. (*Id.*).

In reply, the Town Defendants contend that Plaintiffs have failed to "do the one thing pointed out by the Town Defendants – cite to any jurisprudential and/or statutory law that would authorize the Court to grant the relief requested by the Plaintiffs[.]" (Doc. 62 at 1-2). They also argue that leave to amend should be denied as futile. (*Id.* at 3-4).

### C. Analysis

The Motion is well founded: as the Town Defendants correctly observe, Plaintiffs have provided virtually no statutory, regulatory, or jurisprudential support for their claims against the Town Defendants or to establish the Town Defendants' ability or duty to provide relief. Plaintiffs argue that the Town Defendants, and especially Bell, are not "free to frustrate the purposes of the [Stafford] Act by feeding false information to another government official," asserting that the Town Defendants have not cited authority stating that they may do so. (Doc. 61-1 at 4). However, this argument misstates the relevant burdens. As the Court set forth in discussing the principles applicable to motions under Rule 12(c) and 12(b)(6), the *Complaint* must set forth enough information to give rise to a plausible claim for relief. *See, e.g.*, *Diamond Servs. Corp.*, 2011 WL 938785, at *3 (pleading standard is met where complaint permits "reasonable inference" that the facts set forth a plausible claim for relief under a particular theory of law). Absent such an initial showing, neither the Court nor the Town Defendants are required to pore over the Constitution and United States Code to ascertain whether a law exists that might support or bar Plaintiffs' claims.

With respect to the few authorities actually relied upon in the Complaint, *i.e.*, the Stafford Act and the Due Process Clause of the Constitution,[1] in previous orders, the Court has ruled that no private right of action is available under the Stafford Act, the Stafford Act also bars liability for the exercise of discretionary functions, the Stafford Act and its associated regulations alone do not give rise to a property interest for due process purposes, and Plaintiffs have not alleged policies or practices that would support a plausible due process claim. (Doc. 67 at 12, 16-17). The Court has also previously disapproved of the Complaint's failure to "precisely delineate the scope of the claims against each Defendant." (Doc. 68 at 15). Substantially the same reasoning applies to Plaintiffs' largely undifferentiated Stafford Act and due process claims against the Town Defendants. Therefore, as currently pled, the Complaint fails to state a claim against the Town Defendants.

The Court acknowledges the Town Defendants' position with respect to granting leave to amend. However, the Fifth Circuit has advised courts to afford a plaintiff "every opportunity" to state a viable claim, *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955), especially with respect to an initial complaint, *Great Plains Trust Co.*, 313 F.3d at 329. A leading treatise states that leave to amend should only be denied if it appears "to a certainty" that no viable claim may be stated, and a "wise judicial practice" that is "commonly followed" is to "allow at least one amendment regardless of how unpromising the initial pleading appears." 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2016). Following the Fifth Circuit's instruction and "wise judicial practice," the Court will grant Plaintiffs one additional opportunity to draft a viable complaint.

---

[1] Plaintiff's claim concerning Title VI is directed only at Defendants Jody Moreau and Jim Parker, whose conduct is not at issue in the instant Motion. (*See* Doc. 1 at 24).

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the Motion (Doc. 55) is **GRANTED**, and Plaintiffs' claims against the Town Defendants are dismissed. This dismissal is with leave to amend. The Court will issue a separate order concerning leave to amend.

Signed in Baton Rouge, Louisiana, on <u>April 20, 2018</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**